# Morgan, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Bridge—Nonsuit.*

In an action against a railroad company to recover damages for death of plaintiff's father, it appeared that the deceased was last seen alive about ten o'clock in the evening, walking on a street from a saloon toward a foot bridge which crossed the defendant's tracks. The guards of the bridge had fallen out of repair. The railroad cut which the bridge crossed was some fifteen feet in depth, and somewhat sloping at the sides. On the following morning the deceased's body was found on the track of the railroad about 150 feet from the foot bridge. There was evidence that a fence had been constructed across the cartway of the street of the sidewalk of which the foot bridge was an extension. *Held,* that a nonsuit was properly entered.

Argued March 24, 1904. Appeal, No. 28, Jan. T., 1904, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1902, No. 1495, refusing to take off nonsuit in case of Catharine Morgan, by her next friend Hannah Bowen, v. Pennsylvania Railroad Company. Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's father. Before BRÉGY J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*D. Webster Dougherty* and *Henry M. Tracy,* for appellant.

*John Hampton Barnes*, for appellee.

PER CURIAM, April 11, 1904:

The plaintiff brings suit for damages against defendant, averring that it caused the death of her father William Morgan by its negligence. These facts are undisputed; the deceased was at Harold's saloon in Conshohocken on the night of October 11, 1902; soon after he was seen walking on the footway leading from the saloon on Oak street, which by a footbridge crossed the railroad tracks; the guards of the bridge had fallen out of repair. The railroad cut which the bridge crossed was some fifteen feet in depth and somewhat sloping at the sides. When last seen alive Morgan was twenty-five feet away from the bridge. About six o'clock the next morning his dead body was found upon the track of the railroad about one hundred and fifty feet from the foot bridge; evidently he had been run over and killed by the cars. Much is said in the argument about the duty of the railroad in the construction and repair of such bridges as the one on Oak street and perhaps it was the duty of defendant under the law to maintain a safe structure at that point; but conceding this, the burden was on plaintiff to go further and show that by its neglect in this particular it caused Morgan's death. There is nothing approaching proof on this point. To find for the plaintiff the jury would have to assume that deceased had left the foot pavement where he was last seen, had gone on the street, had got through an opening in the fence, had fallen down the side of the cut, had there been struck by a train and carried one hundred and fifty feet to the place where his body was found upon the track. A verdict to make out negligence must rest on evidence more or less probable; a verdict on these facts would be the merest guessing at negligence. Because the railroad neglected its duty in repairing the foot bridge, if it did neglect it, does not convict it of negligence in running over a man on its tracks, without showing some probable connection between the two acts.

All the assignments of error are overruled and the judgment of the court below is affirmed.